# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MIRANDA D. CHAUDHRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 17 C 4882 |
| v. ) | |
| ) | Judge Ronald A. Guzmán |
| AMAZON MDW2 FULFILLMENT CENTER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Defendant's motion to dismiss the complaint is granted for the reasons set forth below.

## BACKGROUND

On June 29, 2017, plaintiff Miranda D. Chaudhry filed a pro se complaint of employment discrimination against "Amazon MDW2 Fulfillment Center." (ECF No. 1, Compl.) On July 7, 2017, plaintiff filed an amended complaint that redacts certain personal identifying information shown in exhibits to the original complaint. (ECF No. 7, Am. Compl.) The amended complaint consists of the form employment-discrimination complaint and attachments. Plaintiff checked the form's boxes to allege that defendant discriminated against her because of her disability, in violation of the Americans with Disabilities Act ("ADA"), and that defendant retaliated against her for exercising her rights under the ADA. (*Id.* at 3-4.) In addition to damages and injunctive relief, plaintiff seeks "[r]estitution of law for victims of crime, for stolen identity theft and vandalism of property." (*Id.* at 6, 8.) As facts supporting her claims, plaintiff alleges that her medical records, wallet, and computer drive were stolen when her home was twice burglarized; an unknown person came to her door, mocking her and "calling [her] name" after she "resigned

from hostile work environment"; there was "suspicious activity" in a vehicle with "four surveillance equipment"; and her car mirror and front bumper were vandalized. (*Id.* at 7.)

On July 28, 2017, plaintiff filed a document titled "Defense and Objections Under Federal Rule of Civil Procedure Rule 12(b)(6) for Failure to State a Claim of Relief." (ECF No. 21.) In that document, which the Court will call plaintiff's "Supplement," plaintiff asserts the following additional facts, among others: plaintiff worked at Amazon's fulfillment center in Joliet from October 2015 through March 2017; Amazon monitors its employees by using "oppressive surveillance technology"; in October 2016, plaintiff was checking a package with a "bio-hazardous" label that "had no sign of visual leakage"; after taking a break, plaintiff noticed that her right arm had a "redness spot," which began to swell, blister, and itch; plaintiff believed that her injury was caused by a chemical reaction; plaintiff requested time off in November 2016 for a trip to Kenya; when plaintiff returned from Kenya, she was "seriously ill"; and her medical costs totaled $41,461.83. (*Id.*) In the Supplement, plaintiff seeks an order "requiring a person or entity to do, or refrain from doing . . . research, experimental technology based on untested ideas or techniques"; an "[e]xplanation [of] why Amazon . . . has wireless brain computer interface technology that expose[s] every information of [plaintiff's] life and the use of surveillance of home, GPS car location, internet and phone tapping audio or visual"; an order directing Amazon to reimburse her for her "medical bills for the work related injury of bio-hazardous substances" and to "open a workman comp case"; damages and injunctive relief; and unspecified relief regarding the burglaries. (*Id.* at 5-6.)

On September 1, 2017, defendant ("Amazon") moved to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). As a preliminary matter, defendant states that plaintiff has not named the correct defendant, which is "Amazon.com.dedc, LLC." For

purposes of this ruling, the Court will treat plaintiff's amended complaint as if plaintiff had named the correct defendant.

## LEGAL STANDARDS

When evaluating the sufficiency of a complaint on a Rule 12(b)(6) motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts as true all well-pleaded facts therein, and draws all reasonable inferences in plaintiff's favor. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946 (7th Cir. 2013). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis omitted). It "does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Id.* at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## ANALYSIS

Defendant argues that plaintiff fails to state a claim for disability discrimination under the ADA because the complaint contains no facts that permit a reasonable inference that Amazon is liable for discriminatory conduct. To recover under the ADA, plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) she was otherwise qualified to perform the essential functions of her job with or without accommodation; and (3) she suffered an adverse employment action because of her disability. *See Hooper v. Proctor Health Care Inc.*, 804 F.3d 846, 853 (7th Cir. 2015). Alternatively, plaintiff could establish that (1) she is disabled within the meaning of the ADA; (2) she was meeting her employer's legitimate

expectations, (3) she suffered an adverse employment action; and (4) her employer treated similarly-situated, non-disabled employees more favorably. *See id.* "Disability," for purposes of the ADA, is defined as "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A).

Even considering the additional facts that plaintiff includes in her Supplement and briefs in response to defendant's motion,[1] plaintiff does not set out sufficient facts to state a plausible discrimination claim. She does not allege the nature of her disability as defined by the ADA, let alone one that substantially limits a major life activity. Plaintiff offers conclusory assertions of injury and illness, but, as defendant points out, the closest she comes to describing any physical or mental condition, apart from the red spot on her arm, is a vague mention of "symptoms of intense migraine headaches, and unconsciousness occasionally." (ECF No. 33, Pl.'s Resp. at 6.)[2] Plaintiff also fails to plead that defendant treated her adversely on the basis of any disability. Plaintiff does not connect to defendant her allegations about unknown persons burglarizing her home, damaging her car, and conducting surveillance, nor does she allege that they occurred

---

[1]In her response to the motion to dismiss, plaintiff is allowed to supplement her existing claims with additional factual allegations as long as the new facts are consistent with the original claims in the amended complaint. *See Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). Therefore, over defendant's objection, the Court has considered those facts set forth in plaintiff's Supplement and response to defendant's motion that are consistent with the complaint. After defendant filed its reply brief, plaintiff filed an additional brief titled "Final Response," which is really a surreply. (ECF No. 36.) Because the surreply was filed without leave of court, it could be disregarded. But the Court has considered it along with plaintiff's other filings, and it does not assist plaintiff in avoiding dismissal.

[2]In response to defendant's motion, plaintiff filed a document that is titled "Defendant's Motion for Rule 12(b)(6) to Dismiss and Rule 26(c)(1)(A) Forbidding the Disclosure or Discovery for Leave to Take Discovery Prior to Rule 26(f) Conference on 09/06/2017." (ECF No. 33.) Given the content of this document, the Court construes it as a response brief. The Court has taken note of plaintiff's notice of correction, ECF No. 35, and reviewed plaintiff's response with pages 7, 8, and 9 in the correct order.

4

because of any disability or provide any facts from which the Court could reasonably infer that defendant treated her differently or took any adverse employment action based on any disability.[3] Nor does plaintiff state a claim based on a hostile work environment.[4] To state an ADA claim for a hostile work environment, a plaintiff must allege that (1) her workplace was both subjectively and objectively offensive; (2) her disability was the cause of the harassment; (3) the harassment was sufficiently severe or pervasive so as to alter the conditions of her employment; and (4) there is a basis for employer liability. *Orton-Bell v. Indiana*, 759 F.3d 768, 773 (7th Cir. 2014). Plaintiff does not set out any facts that suggest conduct that would constitute a subjectively and objectively offensive work environment, any severe or pervasive conduct, or that any harassment was based on her disability.

Likewise, plaintiff fails to state a claim for retaliation. To state a retaliation claim, plaintiff must allege that defendant subjected her to an adverse employment action because she engaged in activity protected by the ADA. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 828 (7th Cir. 2014). The protected activity must be specifically identified. *Id.* "Protected activity occurs when a person has opposed any act or practice that the ADA prohibits or made a charge or participated in an ADA case." *Sanders v. Ill. Dep't of Cent. Mgmt. Servs.*, 593 F. App'x 575, 577 (7th Cir. 2015) (internal quotation marks and citations omitted). The complaint does not identify any such activity. Plaintiff asserts in her response that while she was on short-term

---

[3]Plaintiff's assertion on pages 5 and 6 of her surreply that because Amazon provided towing and other vehicle services as a courtesy to employees, "the keys to [her] house, vehicle, bank accounts could have been compromise[d]" because she stored her purse inside her vehicle while at work is insufficient to plausibly connect defendant to any misconduct.

[4] Although the Seventh Circuit has yet to recognize a cause of action under the ADA for a hostile work environment, *see Lloyd v. Swifty Transportation, Inc.*, 552 F.3d 594, 603 (7th Cir. 2009), the Court will assume that such a cause of action exists.

disability leave, she complained to Amazon's "corporate office" that "someone" was obtaining her medical records without her consent, disclosing her personal identifying information, and attempting to fraudulently use her credit cards. (Pl.'s Resp. at 6-7.) She also states that she discussed her "[p]ersonal privacy concerns" with her managers before returning to work. (*Id.* at 7.) These complaints do not suffice; complaints that serve as a basis for an ADA retaliation claim must protest unlawful discrimination.

Plaintiff's response briefs indicate that she is actually asserting a workers' compensation claim. Plaintiff quotes the Illinois Workers' Compensation Act ("IWCA"); claims that she suffered a "work related injury"; argues that Amazon has no defense "against [a] workman compensation claim"; and contends that she can prove "all four elements" such that she is "entitled to receive benefits under workers compensation law." (Pl.'s Resp. at 4, 6; Pl.'s Surreply at 6.) Plaintiff is advised that the IWCA, 820 ILCS 305/1 *et seq.*, is the exclusive remedy for accidental injuries that transpire in the workplace. *See Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 934 (7th Cir. 2017).

A final matter remains. In her response brief, plaintiff invokes the Fourth, Fifth, and Fourteenth Amendments and argues that her Supplement states "violations of privacy laws." (Pl.'s Resp. at 2, 5.) However, plaintiff has not sufficiently stated such claims in her complaint or Supplement. And although she may supplement her existing claims in a response to a motion to dismiss, she may not raise new claims in response briefs. *See Chriswell v. Vill. of Oak Lawn*, No. 11 C 547, 2013 WL 5903417, at *3 (N.D. Ill. Nov. 4, 2013). Plaintiff is further advised that the Amendments she cites "protect citizens from conduct by the government, but not from conduct by private actors, no matter how egregious that conduct might be." *Hallinan v.*

*Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 815 (7th Cir. 2009); *Morin v. Consol. Rail Corp.*, 810 F.2d 720, 722 (7th Cir. 1987).

The Court dismisses the amended complaint without prejudice for failure to state a claim on which relief can be granted. If plaintiff still wishes to pursue this litigation and can do so consistently with this opinion and order, she must submit a second amended complaint[5] by December 29, 2017. The failure to submit a second amended complaint by that date will result in dismissal of this case.

## CONCLUSION

Defendant's motion to dismiss the amended complaint [26] is granted. The amended complaint is dismissed without prejudice, and plaintiff is given leave to file a second amended complaint by December 29, 2017. Plaintiff's motion for sanctions [30] is denied. Plaintiff's "motion for Rule 12(b)(6) to dismiss and Rule 26(c)(1)(A)" [33] is construed as a response and terminated as a motion.

**DATE**: December 7, 2017

_____
**Ronald A. Guzmán**
**United States District Judge**

---

[5]In addition to addressing the problems discussed in this opinion, any second amended complaint should also name the correct defendant. And, given that plaintiff's grievances seem to stem from different and unrelated incidents, plaintiff should also keep in mind that unrelated claims do not belong in the same lawsuit. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits.").