

# UNITED STATES DISTRICT COURT FOR THE FILED
## NORTHERN DISTRICT OF ILLINOIS

DEC 18 2017

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| **IN RE THE INTEREST OF** ( | |
| ( | |
| ( | **CASE NO: 1:17-CV-04882** |
| **Miranda D. Chaudhry** ( | **Judge Ronald A. Guzman** |
| ( | **Magistrate Judge Sheila M. Finnegan** |
| **V.** ( | |
| **Defendant** ( | **REQUESTED JURY DEMAND** |
| **Amazon et, al** ( | |

## SECOND AMENDED COMPLAINTADDITIONAL TO DKT #7 and #21

---

### INTRODUCTION

On December 07, 2017, the Court memorandum opinion and order of the Defendant's motion to dismiss the complaint filed on July 07, 2017, Dkt #7 and Supplement DKT #21, the Plaintiff is granted for reason set forth in Dkt #37, pg. 3 states the Plaintiff has failed to carry the burden of establishing a claim for discrimination under the ADA because the complaints contains no facts that permits a reasonable inference that Amazon is liable for discriminatory conduct. (1) She is disabled within the meaning of the ADA; (2) She was otherwise qualified to perform the essential functions of her job with or without accommodation; and (3) If she suffered an adverse employment action, and (4) She was meeting her employer's legitimate expectations, (5) Her employer treated similarly-situated, non-disabled employees more favorably.

1

1. Now Comes, the plaintiff Miranda D. Chaudhry, pro se, answer to substantial the claim under America with Disabilities Act ("ADA"), see People v. Sanchez 131 Ill. 2d. 417, 546 N. F. 2d. 574 (1989), an offer serve two function: (1) to inform the trial judge and the opposing party of the natural and substance of evidence expected to be introduced, and (2) to preserve the issue for an appeal. The party making the offer of proof has the burden to show the relevance, materiality and competency of the tendered evidence.

2. This is an action for employment discrimination.

3. The Plaintiff sought employment at or was employed by the defendant at street address is 401 East Layaway Road, City Joliet, County Will, State Illinois, Zip 60433. Defendant's telephone number (866) 495-8567

4. The plaintiff was employed but is no longer employed by the defendant.

5. Plaintiffs will demonstrating that the employer's explanation is false or to dismiss the plaintiff discrimination claim under ADA, by a showing of inference of discrimination of defendant's true motive. The Plaintiff state claim are so severe adverse employment action, that the inference of discrimination may establish evidence of disparate treatment, see Laxton v. Gap Inc., 333 F. 3d 572-2003: failure to document "Gap produced no contemporaneous written documentation of any employee complaints,

despite testimony that the corporation abides by rigorous record keeping policies and were following its own policy is of itself evidence of pretext.

6. The issues is whether the employer's action where motivated by disparate treatment. Discriminatory intent can either be shown by direct evidence, or through indirect or circumstance evidence.

FACT (1) plaintiff disability within the meaning of the ADA.

7. The first diagnostic come from attending physician statement of work capacity and impairment prepared by Dr. Suganthi Vijayaraj, on December 21, 2016, primary diagnostic, stated expressive aphasia, rationale for disabilities are headaches, speech difficulty (+) positive for confusion, decrease concentration. This stem from a work related injury or external source infection poisoning from exposure of biohazard chemical.

8. My current diagnostic disability dated 12/05/2017, that can cause brain stroke or ischemic attack that do not show up on MRI or CT Scans, can be blood clot or brain disease still require the physician statement or testimony.

BACKGROUND TO INJURY

9. On October 28, 2016, at Amazon MDW2 fulfillment Center, when Plaintiff suffer a work related injury while performing her job, it's before 9:00 a.m. at

3 

north stationary area, my job position is problem solver, were missed ship orders by vendor are sent to the Amazon fulfillment center. My job duties are to document orders or locate the purchase order number, for the universal receiver to check in the parcels. If not found the purchase order, open the box to inspect, record by photographs, and inventory the item into the company computer for documentation to generate an accurate report of all information, if enter into properly, an assign number will be forward to the report, it then emailed to ICQA department for further research.

10. While checking this parcel, plaintiff observed there was spillage of powdery substance inside plastic bag, this parcel contained inside a canister label with a logo of symbol marking of biohazard, with a yellow sponge shape specimen in a plastic canister, in which the problem solver must clean up and document shipment, before sending to ICQA department, at the company all employee wear gloves, are supplied with cleaning material that company provide. In an event on injuries on the job, all employees are to notify management immediate. Plaintiff first notice was by email, to Ryan Brenner, from the stationary computer.

11. Proceed to the AM Care unit onsite medical room, signed at desk, showed desk clerks my arms and hands, and stated "how I came in contact with biohazard chemical at work station". There were a showing of on my arm

4

some blistering and swelling, they stated I need to wait until my supervisor come, radio Ryan Brenner, because company policy change when reporting injury, employee are be accompany by supervisor before going to am care. Plaintiff showed him my arm, and he takes a photo of report of number I recorded on barcode, plaintiff is given some cortisone packages to apply to affected area. They refused medical treatment on site is disparate treatment, failure to take a written statement of the injury, by not recording a statement, regardless of present circumstances all injuries at work are to be recorded. Exhibit #1 my proof of employment and manager Ryan Brenner.

12. On December 16, 2016, the Plaintiff became ill and could not work at all, notified human resource, obtained medical leave, my report number is #16122000814, it reported in company computer as documentation is for other medical conditions, and the plaintiff case manager is Nicole, date of request begins Dec. 20, 2016. Exhibit #2

FACT (2) can she perform function of job with or without accommodations

13. The Plaintiff states she is a qualified individual with a disability: that can satisfies the skills, experience, and other job related requirements for a

5 _MDC_

position, and can perform the essential functions of the position, with or without reasonable accommodation.

FACT (3) has she suffering an adverse employment action.

14. On February 13, 2017, first attempted to return to from medical leave, phone the employee resource center ("ERC") asked for appropriate procedure, On February 16, 2017, when I obtained doctor reinstatement reported, I went to Amazon MDW2 fulfillment center, spoke with human resource manager Maria, she stated "you can't work with restriction", "comment on my condition as if she knew and stated I need another doctor report, first question why? Secondly, Maria stated, Plaintiff not permit to enter the building, she looked at my doctor statement by Dr. Suganthi, MD, in Dyer, Indiana and took my badge and deactivated badge in confusion over the issues about me wanting using vacation time pay and personal days as reason to terminate, because I complain about not being paid since January 10, 2017. This is against company policy, requiring second doctor statement to return to work. (The first document is stolen from Plaintiff home, will require the deposition of Dr. Suganthi)

15. On February 23, 2017, the Corporation sent out a statement showing the medical leave is granted, from the questioning on February 16, 2017, summary disability leaves of absent notice case number #16122000814; approve benefits from 01/11/2017 through 02/20/2017 for Amazon short term disability. Exhibit #3

16. On February 20, 2017, returned to Amazon MDW2 with a statement from a disease special Dr. Daniel Smith, in Munster, Indiana with no work restriction. I was told by Maria HR, to report to work on Tuesday, February 21, 2017. This is excepted reinstatement report, (remained without a badge to log in until March 4, 2017, signing on notebook at help desk)

17. The Plaintiff granted medical schedule for payout for 03/04/2017 in the amount of $1,897.71 lump sum, the Plaintiff had to complain to corporate office about not receiving various comp check on pay day 03/10/2017. Exhibit #4

18. When medical record is a confidential record and supposes to remain in separate file, it not private when any employees are aware of my medical condition it becomes topic at workplace is a direct violation of ADA.

7 _VMD C_

FACT (4) can she perform function of job with or without accommodations

19. The Plaintiff states she is a qualified individual with a disability: that can satisfies the skills, experience, and other job related requirements for a position, and can perform the essential functions of the position, with or without reasonable accommodation.

FACT (5) her employer treated similarly-situated, non-disabled employees more favorably.

20. Federal laws prohibit job discrimination based on race, color, sex, national origin, religion, age, equal pay, disability, or genetic information, when standards is met between the disabled and non-disabled employees, question can be stated, if both can perform their job no one shall be treated more favorably. But at Amazon MDW2 employees in the pass, plaintiff have seen that have sustained an injury have been seen in lunchroom cutting out swag buck for light-duty work.

### Hostile Work Environment

21. To state a claim of retaliation under the Americans with Disabilities Act, one must file a claim with EEOC 440-2017-03441, on what constitutes as an adverse employment action for purposes of a retaliation claim. ("On May 10,

8

2017, Plaintiff file with the EEOC commission, these documents totals (35) pages stolen and when replace by EEOC through email hacked."), therefore this is an additional statement to DKT #7 Discrimination Complaint under the American Disability Act.

Her workplace was both subjectly and objectly offensively.

22. The Plaintiff states; how the emails are hack, medical records stolen and withhold my earnings are accomplish at the company level. Mocking and making fun of plaintiff disability memory lost upon returning to work and while doing my job. An employee may access by camera obtained your password from over head, or mirror the sign in of any employee, from managers laptop or IT technician that repair the computer at the company site. When I am typing, they (an employee) retype another password locking plaintiff out of the computer and doing the same with my personal emails when I was checking my medical statement or pay stubs at work. The hub portal only can be access from a cell phone number that company must recognize or that linked to your personal computer give Amazon the access.

23. Starting with the emails accounts, 1praisesoffaith@gmail.com, and mrschaudhry.miranda@gmail.com and mwcheck4@gmail.com all stolen

email accounts and bank accounts passwords hacked into before my last day worked 03/08/2017, were compromised and each was used as the recovery email address to each other. I was threaten that they put all types of false information on internet and if I pursue a lawsuit, if you type my name I being seeing everything, and I do not used social media. No email I created on any device will enable me to reset a password. The technology of Amazon will reveal more than security hacking and surveillance after discovery. The most pervasive of privacy laws, When Amazon computer is put forward to ask employee the question that read "how you like the sensation" and the plaintiff will testify?

The harassment was sufficiently severe pervasive so<br>as to alter the conditions to her employment

24. On March 3, 2017, report hostile work environment to human resource J.C. requested him to speak to management to a schedule a meeting, no response. On March 13, 2017, when thing were so overwhelming with employees and illness, I resigned after exhausting vacation, personal days, under hostile work environment. Other remaining pay was not mailed.

<u>Her disability was the cause of the harassment.</u>

25. The argument is under 820 ILCS 305 § 6 (b): Accident Reports are required by the employer are subject to the Act; what action did the employer take as a result of the report of the injury or illness; when (date) did the employer take that action for calculation of six month statute of limitations when the adverse action occurred from the complainant an allegation of retaliation because she reported a work-related injury to the employer, by filing a complaint with OSHA no. 1193642, on March 20, 2017, take away any excuse that the defendant do not know the correct date of injury or explanation why they have not paid a claim of workman compensation and neglect in responsibility by stating on March 20, 2017, plaintiff is ineligible after phone ERC for instruction to continue WC disability benefits, because she has resigned on March 13, 2017.

Exhibit #6-7 OSHA Notice of filing No. 1193642


26. The defendant letter dated the wrong injury stated October 27, 2015, Plaintiff states I were not classified a problem solver with any training on handing/training on cleaning or receive hazardous material on that date indicated and is avoidance of claim under the workman compensation. The

11 ⟨signature⟩

defendant will have to furnish proof of plaintiff hiring position, and department in which she work, and facts as how the exposure to biohazard chemical occurred with the employee work related injury and how the company record with the Commission by law? Exhibit #5 Amazon Sedwick Insurance Claim #30178551189-0001

27. And additional fact of evidence wrongdoing when the burglars exchanging or removing plaintiff papers from her home leaves Amazon fax paper in confusing, placing someone from the defendant employment from Amazon in Plaintiff house, making the police report more credible. Exhibit #8-9. Amazon fax letter to OSHA, plaintiff will testify I have received same copy except it only has OSHA stamp received as replace letter on 12/07/2017 after the original complaint was stolen.

28. On March 31, 2017, Aseer Ahmad, Amazon manager, stated to OSHA addressing complaint No. 1193642, Amazon has advised me that the hazards you complained about have been investigated. The employer provider a written response with documentation and/or photographs that describes the results of the establishment's investigation and corrective actions. A copy of the response is enclosed. Exhibit #10 is clear statement that the defendants

are in avoidance of a workman compensation claim by failure to correct invalid date after numerous phone calls to Sedwick and Corporate office.

29. March 20, 2017, the continuance of surveillance of personal computer and been monitored by showing email account address made after leaving Amazon is mrschaudhry.miranda1@gmail.com is created, Plaintiff phone Amazon employee resource center to obtaining information on collecting workman compensation, notice is given by agent you are ineligible for benefits due to the fact of resigning from job, the plaintiff request that the agent put that in writing.

30. Result in home computer, phones, emails hack, 1praisesoffaith@gmail.com is recovery to new email account is compromise and someone has already obtaining personal information mrschaudhry.miranda1@gmail.com, the true is proof the email is access by defendant attorney Meredith Riccio, at DKT #23 pageID92 attached to the motion, it's not address in her name it's sent to Jeff@Amazon.com and Melissa Nunez is correspondence on July 25, 2017, with Plaintiff. A courtesy phone call to Ms Riccio office was made to politely ask her not accessing my information, without my consent.

13  *MOC*

31. The second email address mrschaudhry.miranda2@gmail.com was created to send discovery documents in August 2017, only to defendant attorney Meredith Riccio, stolen email on November 23, 2017 and the cell phone resetting or formatting can't be program lost due to password lock out. My computer destroyed, while in the hospital on December 5, 2017, more evidence of destroying electronic devices in home concealing and stealing evidence to prevent from presenting in court.

<u>There is a basis for employer liability</u>

32. 42 U.S.C. § 12203 prohibition against retaliation and coercion no person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or by this chapter, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter for establishing a claim for discrimination under the ADA.

CONCLUSION

33. "Under the ADA, you have a disability if you have at least one of the following: A physical or mental impairment that substantially limits one or more major life activities; A record of such an impairment; or, you are

14

regarded as having such an impairment plaintiff has the showing by record."

The standard is met by record and acknowledgement of defendat statement.

34. Code of Federal Regulation Title 49-Transportation Section 172.604 emergency response telephone number (a) a person who offers a hazardous material for transportation must provide an emergency response telephone number. If the onsite AM Care facility at Amazon staff is not trained, how can the employee identify the type of biohazard chemical? When all shipment is photography all six sides of box are recorded, document and detail of shipment information is stored in computer. Negligence is whether occupational health nurse is a nursing professional that focuses on workplace safety and make sure that workers suffering from workplace related and illnesses get the care they need.

**WHEREFORE,** for the foregoing reason, plaintiff Miranda D. Chaudhry,

Respectfully Submitted,

Dated: <u>December 18, 2017.</u>

Miranda D. Chaudhry, Pro Se 99500
21619 Cynthia Avenue
Sauk Village, Illinois 60411
    708 269-5438

Circuit Court of the Norther District Case No. 17-CV-04882

## CERTIFICATE OFSERVICE

I HEREBY CERTIFY that on this 18th day of December, 2017, a copy of the

document (s) entititled Second Amended Complaint Additional to Dkt# 7

and 21 was/were mailed , postage prepaid to:


MORGAN LEWIS
c/o MEREDITH RICCIO
77 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-5094


Dated: December 18, 2017.

Miranda D. Chaudhry, Pro Se 99500
21619 Cynthia Avenue
Sauk Village, Illinois 60411
    708 269-5438

16

*11244529*
*Badge*



Miranda Chaudhry
FC Associate I

Personal information    Job details

**Employee ID**

# 100855641

Amazon.com perks

DEXE-4KH6NF-
UP3ZYW

discount code

Sorry, we are unable to show
your discount code balance right
now. This may be because the
discount code has not yet been
redeemed.

**Site location**

# MDW2

 401 Laraway Rd, MDW2, Joliet, IL, 60433

**Supervisor**

 Brenner,Ryan

| | |
|---|---|
| LOGIN | mchaudhr |
| BUSINESS TITLE | Fulfillment Associate |
| JOB TITLE | FC Associate I |
| LEVEL | 1 |
| HIRE DATE | October 20, 2015 (1 year and 4 months ago) |
| DEPARTMENT | FC Receiving(010) |
| SHIFT PATTERN | DK7-0700 (US FC Tues-Fri 10 hr 0700) Apply for an internal transfer (/employees/100855641/shift_transfer) |

*Exhibit #1*

Miranda Chaudhry - Employee      FAQs     Log Off

**amazon**



Home

Home  »  All Leave Requests  »  Case Details

# Case Details

## Summary for Case #16122000814

**Leave Reason:** Other Medical Conditions

**Date Request Submitted:** 12-20-2016

**Case Manager:** Nicole

**Status: Open**

## Life of a Case



Request a Leave



Leave Review



Decision



Return to Work

Completed     Active     Pending

*Exhibit #2*



February 23, 2017

Miranda Chaudhry

Case #: 16122000814
Re: Disability Leave Approval Notice

Your claim for a leave of absence with short-term disability (STD) benefits has been approved from 01/11/2017 through 02/20/2017.

Your leave has been classified as protected leave under the federal Family and Medical Leave Act (FMLA) and/or applicable state leave law(s). (For your specific leave designation, refer to the Claim Status Summary below, which lists all leave types for which you have been approved). This time will be job-protected, and your time off from work will reduce your available FMLA and/or applicable state leave balance.

The time during which you receive disability benefits will run at the same time as your FMLA leave and any approved applicable state leave.

## Claim Status Summary

The below chart provides a summary status of all covered plans associated with your absence.

| Plan Name | Decision Status | Decision Date | From | Through |
|---|---|---|---|---|
| Amazon STD Medical | Approved | 02/22/2017 | 12/21/2016 | 02/20/2017 |
| Family and Medical Leave Act | Denied | 02/12/2017 | 01/11/2017 | 01/11/2017 |
| Family and Medical Leave Act | Approved | 01/04/2017 | 12/21/2016 | 01/10/2017 |

Note: Fulfillment Center employees who take a leave of absence that meets or exceeds a duration of 90 consecutive days, may need retraining upon their return to work.

*Exhibit #3*

## Leave Request Status

| Plan | Decision | From | Through |
|------|----------|------|---------|
| FMLA | **Approved** | 12-21-2016 | 01-10-2017 |
| FMLA | **Denied** | 01-11-2017 | 01-11-2017 |
| STD Medical | **Approved** | 12-21-2016 | 01-10-2017 |
| STD Medical | **Approved** | 01-11-2017 | 02-20-2017 |

## Benefit Payment Information

The Benefit Payment listed below is a gross dollar amount of pay that is being communicated to your employer. The amount is only applicable for the date range listed.

**Last Benefit Payment**
$138.86
01-08-2017 - 01-10-2017

**Last Pay Cycle End Date**
01-21-2017

**Next Benefit Payment**
$1,897.71
01-11-2017 - 02-20-2017

**Next Pay Cycle End Date**
03-04-2017

*Please note that the payment amount only includes deductions and offsets applied by ReedGroup. It does not include any applicable deductions or taxes that may be applied by your employer before payment is made to you. The dollar amount shown only takes into account pay that is related to your leave that is reflected on this screen. As such your actual pay may reflect a dollar amount which is different than what you see above.*

*Exhibit # 4*

Sedgwick Claims Management Services, Inc.
P O Box 14481
Lexington, KY 40512-4481



**sedgwick**®

Phone: (844) 693-0335
Fax: (859) 264-4381

September 09, 2017

Miranda Chaudhry

+-----------------------------------------+
| Online self-service is the easy and     |
| convenient way to:                      |
|                                         |
|   • Register for direct deposit         |
|   • Check on benefit payments           |
|   • Submit forms                        |
|   • Ask questions about your claim      |
|                                         |
| Sign up now at **ClaimLookUp.com**!     |
+-----------------------------------------+

RE:  Employee:       Miranda Chaudhry
     Employer:       Amazon.com, Inc.
     Claim number:   30178551189-0001
     Date of injury: 10/27/2015

### AMAZON'S WORKERS' COMPENSATION CLAIMS ADMINISTRATOR

Dear Miranda Chaudhry :

We are sorry to hear of your recent injury or illness. Sedgwick is the workers' compensation claims administrator for your employer, Amazon, and we received a report of your on-the-job incident. We want you to know that we are here to help you and answer any questions you may have.

Our role is to determine if your claim qualifies under workers' compensation law and, if it does, assist in managing your benefits. Those benefits may include medical care, prescription drugs, payment for time off work, or other expenses related to your recovery. We will work with you to ensure you receive all of the benefits you are eligible for and that your claim experience is a positive one.

A fast and easy way to stay up-to-date on your claim is with online service. You can use your computer, tablet or smartphone at any time to check your benefit payments, ask a question, update us on doctor's visits, send in forms and more. To sign up for this convenient service, just go to **ClaimLookUp.com**.

You can help us with your claim by taking the following steps:
1. **Send the Authorization for Release of Medical Information form to us *right away*,** along with any other forms enclosed. To speed up the handling of your claim, you may complete the forms online or fax the completed forms to (859) 264-4381.
2. **Contact us online or by phone if you lose any time at work because of your work-related injury or illness.** If your doctor says that you cannot work, be sure to notify us and your direct supervisor.
3. **Use the claim number at the top of this page when you refer to your claim,** and give it to your doctor right away. To avoid delays, your claim number should be included on all medical records, bills and letters sent to Sedgwick.

If you need help with your claim, you can contact us online or call us toll-free at **(844) 693-0335** day or night, 24/7/365 – even on weekends and holidays. Our licensed consumer care associates will work closely with the Amazon workers' compensation specialists to assist you.

We wish you a quick and safe recovery!

Sincerely,
Sedgwick Care Team



*ExhiBit #5*



**U.S. Department of Labor**    **Occupational Safety and Health Administration**
Calumet City Area Office
1600 167th Street
Suite 9
Calumet City, IL 60409
Phone: (708) 891-3800  Fax: (708) 862-9659
http://www.osha.gov



March 23, 2017

Aseer Ahmad
Amazon
401 E. Lawaway Road
Joliet, IL 60435

RE: OSHA Complaint No. 1193642

Dear Mr. Ahmad:

On March 20, 2017 the Occupational Safety and Health Administration (OSHA) received a notice of alleged workplace hazard(s) at your worksite at:

> 401 E. Laraway Road
> Joliet, IL 60435

We notified you, by telephone, of these alleged hazards on March 21, 2017. The specific nature of the alleged hazards are as follows:

> 1. Employee are exposed to hazardous chemicals and biohazard spills without proper hazard communication training.
> Applicable OSHA Standard 29 CFR 1910.1200
>
> 2. Employees are not provided appropriate personal protective equipment for chemical spills.
> Applicable OSHA Standard 29 CFR 1910.132.

We have not determined whether the hazards, as alleged, exist at your workplace and we do not intend to conduct an inspection at this time. However, since allegations of violations and/or hazards have been made, we request that you immediately investigate the alleged conditions and make any necessary corrections or modifications. Please advise me in writing, no later than **March 28, 2017** of the results of your investigation. You must provide supporting documentation of your findings, including any applicable measurements or monitoring results, and photographs/video which you believe would be helpful, as well as a description of any corrective action you have taken or are in the process of taking, including documentation of the corrected condition.

*Exhibit # 6*

This letter is not a citation or a notification of proposed penalty which, according to the Occupational Safety and Health Act, may be issued only after an inspection or investigation of the workplace. It is our goal to assure that hazards are promptly identified and eliminated. Please take immediate corrective action where needed. **If we do not receive a response from you by March 28, 2017 indicating that appropriate action has been taken or that no hazard exists and why, an OSHA inspection will be conducted.** An inspection may include a review of the following: injury and illness records, hazard communication, personal protective equipment, emergency action or response, bloodborne pathogens, confined space entry, lockout, and related safety and health issues.

Please note, however, that OSHA selects for inspection some cases where we have received letters in which employers have indicated satisfactory corrective action. This is to ensure that employers have actually taken the action stated in their letters.

If you need assistance to help resolve the issues of this complaint, you may contact the free OSHA on-site consultation service. This program offers free and confidential advice to small and medium-sized businesses in all states across the country, with priority given to high-hazard worksites. If required, a consultant will visit your workplace and assess the validity of the complaint item(s). In addition, you will be provided with methods of correcting the hazard, if necessary. This service is provided on a priority basis to small, high hazard employers. To discuss or request their services, call the consultation project in your respective state. The addresses are listed at the end of this document.

You are requested to post a copy of this letter where it will be readily accessible for review by all of your employees and return a copy of the signed Certificate of Posting (Attachment A) to this office. In addition, you are requested to provide a copy of this letter and your response to it to a representative of any recognized employee union or safety committee if these are at your facility. Failure to do this may result in an on-site inspection. The complainant has been furnished a copy of this letter and will be advised of your response. Section 11(c) of the Occupational Safety and Health Act provides protection for employees against discrimination because of their involvement in protected safety and health activity.

If you have any questions regarding this matter, please contact your local OSHA Area Office. The contact information is listed on the first page of this document. Your personal support and interest in the safety and health of your employees is appreciated.

Sincerely,

Kathy Webb
Area Director

*Exhibit # 7*



**amazon**FULFILLMENT
Fulfilling the Customer Promise

March 30, 2017

**CONFIDENTIAL**

Delivered by Email and Mail

Kathy Webb
Area Director
Calumet City Area Office
1600 167th Street, Suite 9
Calumet City, IL 60409
Fax: (708) 862-9659

RE: Notice of Complaint No. 1193642, dated March 21st, 2017

Dear Ms. Webb,

This letter is in response to the Notice, which notified us that OSHA had received an allegation of hazardous workplace conditions at the Crossdock Facility located at 401 E. Laraway Road, Joliet, IL 60435 (the "Facility").

Amazon is committed to providing a safe work environment to our associates in all areas of the facility. We identify opportunities to improve the work environment and revise our processes, procedures and equipment in the ordinary course of business. We have carefully investigated the alleged conditions set out in the Notice and below is our response:

1. The Facility receives product from vendors in sealed retail packaging, sorts the product and ships it out of the building in either the original packaging, or sorted and separated into additional packaging or totes. If any packages are damaged and identified as leaking during any process in the Facility, employees (who Amazon refers to as "Associates") are trained to never touch the product and immediately escalate to their manager and the safety team. The safety team immediately responds and per their training, properly identifies manage clean-up of the damaged or leaking product. The safety team takes proper precautions to mitigate exposure to the damaged or leaking product, which includes but is not limited to the following: isolating the area, utilization of proper personal protective equipment, and appropriate absorbent materials to clean up the spill.

    The only time an associate would potentially come into contact with a hazardous chemical is if the vendor case or individual items were damaged or leaking. Beginning on the first day of employment our Associates go through New Hire Orientation and Process Safety School. This training covers a wide variety of topics, including Hazardous Communication, in accordance with 29 CFR 1910.1200 and includes what to do in the event that a leaking package is identified. All associates are re-trained annually on Hazardous Communication and the escalation process for damaged or leaking product. The Facility has safety team members, trained in handling hazardous materials, available on all shifts to respond immediately to any reports of damaged or leaking product and to appropriately clean up any hazardous material spills.

*Exhibit # 8*

Additionally, Associates are trained during New Hire Orientation and annually thereafter on universal precautions and the process to follow in the event that they are exposed to blood or other potentially infectious material (OPIM). This includes requirements not to enter any area of potential exposure, immediately notify a member of leadership, and never attempt to clean up the area as only associates that receive specific training on the site Exposure Control Plan and Authorized BloodBorne Pathogen training are authorized to clean up areas of potential exposure.

The Facility utilizes a contracted janitorial service, IH Services, to provide onsite cleaning operations, including responding to and cleaning up any blood or OPIM. The Facility has a process in place that allows any associate to escalate safety issues to the leadership team for prompt action. In the event of an incident requiring blood or OPIM cleanup, the Facility procedures are to immediately contact the janitorial service, IHS, who are properly trained in BloodBorne Pathogens (BBP) to respond and clean up the area. All equipment, materials, environmental and working surfaces are required to be cleaned and decontaminated after contact with blood or OPIM. All contaminated materials, will be bagged, tied and designated as a biohazard. A representative of the janitorial service is required to respond immediately to any blood or OPIM incident so the area can be cleaned, decontaminated, and the material removed from the area immediately. The Facility also maintains a trained staff of onsite medical representatives ("OMR") who are trained in BBP and able to respond if needed to clean up any blood or OPIM to avoid any delay in response.

2. The Facility has processes in place to ensure only associates trained in handling hazardous materials, hazardous materials spill cleanup, regulated waste and/or bloodborne pathogens and the site exposure control plan respond to and clean up spills of either hazardous materials or blood/OPIM. As required by 29 CFR 1910.132, this training includes the appropriate personal protective equipment (PPE) required and how to wear it. This PPE is available onsite and provided at no charge to the trained associates responsible to respond to or clean up spills of either hazardous waste or blood/OPIM.

Finally, the Facility encourages an open door policy and provides several mechanisms where associates can escalate any concerns or questions. This includes the Voice of the Associate Board ("VOA Board"), where associates may provide feedback, anonymously if they wish, on any aspect of the Facility's operations and which is required to be responded to by leadership within designated timeframes. A review of the VOA board comments revealed no concerns from associates related to complaints referenced in the Notice.

As requested, the Notice has been posted in a conspicuous place where all affected employees will have notice and will remain posted for a period of at least ten working days. I have enclosed for your records a signed Certificate of Posting. If you have any further questions, please contact me at (816) 674-0554 or calcraig@amazon.com.

Sincerely,

Callie Craig

Callie Craig
Safety Specialist

2

Exhibit #9

**U.S. Department of Labor**     **Occupational Safety and Health Administration**
Calumet City Area Office
1600 167th Street
Suite 9
Calumet City, IL 60409
Phone: (708) 891-3800 Fax: (708) 862-9659
http://www.osha.gov



March 31, 2017

Maranda Chaudhry

RE: OSHA Complaint No. 1193642

Dear Ms. Chaudhry:

Amazon has advised me that the hazards you complained about have been investigated. The employer provided a written response with documentation and/or photographs that described the results of the establishment's investigation and corrective actions. A copy of the response is enclosed.

With this information, OSHA feels the case can be closed. If you do not agree that the hazards you complained about have been satisfactorily addressed, please contact us within ten (10) business days of the date of this notification. If we do not hear from you within that time, we will assume that the hazards have been corrected and will take no further action with respect to this case.

Section 11(c) of the OSH Act provides protection for employees against discrimination because of their involvement in protected safety and health related activity. If you believe you are being treated differently or action is being taken against you because of your safety or health activity, you may file a complaint with OSHA. You should file this complaint as soon as possible, since OSHA normally can accept only those complaints filed within 30 days of the alleged discriminatory action.

Your action on behalf of safety and health in the workplace is sincerely appreciated.

Respectfully,

Kathy Webb
Area Director

Enclosure(s)

*Exhibit 10*